UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

SHEDDRICK J. BROWN, JR.,

Petitioner,

v. Case No. 2:25-cv-240-SPC-NPM

SECRETARY OF FLORIDA DEPARTMENT OF CORRECTIONS,

Respondent.

---

## **OPINION AND ORDER**

This is an action on a petition for habeas corpus relief filed pursuant to 28 U.S.C. § 2254 by Sheddrick J. Brown, Jr., a Florida state prisoner acting *pro se*. (Doc. 7). The Respondent has filed a response, asserting the action is barred by the statute of limitations, 28 U.S.C. § 2244(d)(1). (Doc. 14). Brown has filed a reply. (Doc. 18). He has also filed a separate motion asking for a stay and for the Court to "adopt" an additional habeas claim based on the denial of relief on a motion he filed in state court pursuant to Fla. R. Crim. P. 3.800(a). (Doc. 21). For the reasons that follow, the Court will: (1) grant in part and deny in part Brown's motion asking for a stay and for the Court to "adopt" his claim based on the denial of his Rule 3.800(a) motion, and (2) dismiss Brown's habeas petition as time barred.

## Background

Brown was convicted at trial in the Circuit Court of Lee County, Florida, of discharging a firearm from a vehicle (count 1), shooting at/within or into a dwelling/building (count 2), possession of a firearm by a convicted felon (count 3), and second-degree murder with a firearm (count 4). The trial court immediately sentenced Brown to 15 years' imprisonment on count 1, 15 years on count 2, and life imprisonment on the second-degree murder with a firearm conviction, all running concurrently. A week later, the trial court imposed a mandatory minimum sentence, as to his life sentence. The judgment was filed on April 18, 2017, and reflected a mandatory minimum sentence of 50 years on the second-degree murder conviction. On direct appeal, the Florida Second District Court of Appeal (Second DCA) affirmed *per curiam* without written opinion on February 8, 2019. *Brown v. State*, 266 So. 3d 1154 (Fla. Dist. Ct. App. 2019) (table). Brown did not pursue further direct review.

On April 1, 2021, Brown filed a counseled motion for post-conviction relief in the state trial court pursuant to Fla. R. Crim. P. 3.850. (Doc. 15-2 at 599– 619). The state trial court denied that motion on the merits on June 24, 2024. (Doc. 15-2 at 911–921). Brown appealed, still represented by counsel. On January 28, 2025, the Florida Sixth District Court of Appeal (Sixth DCA affirmed *per curiam* without written opinion. *Brown v. State*, 402 So. 3d 376 (Fla. Dist. Ct. App. 2025) (table). The mandate issued on February 17, 2025.

On January 3, 2025, while the appeal on his Rule 3.850 motion was still pending, Brown filed a *pro se* motion in the state trial court to correct an illegal sentence, pursuant to Fla. R. Crim. P. 3.800(a). (Doc. 15-2 at 1090–1108). He there argued that his sentence amounts to "indefinite imprisonment" in violation of Article I, Section 17 of the Florida Constitution. He also claimed his sentence violates the United States Constitution, specifically the Due Process and Equal Protection Clauses of the Fourteenth Amendment and Eighth Amendment's prohibition against cruel and unusual punishment. On January 24, 2025, the state trial court denied the motion on the merits. (Doc. 15-2 at 1111). Brown filed a notice of appeal.

Meanwhile, on March 24, 2025, the Clerk of this Court docketed the instant action, based on a § 2254 habeas corpus petition form filed by Brown, acting *pro se*. (Doc. 1). That petition was not dated or signed by Brown or an attorney. A line provided to state when the petition was placed in the prison mailing system was also left blank. On March 26, 2025, the Court entered an order striking Brown's petition because it was not signed, as required by Rule 2(c) of the Rules Governing § 2254 Cases. (Doc. 4). The Court ordered Brown to file a signed petition by April 9, 2025.

On April 2, 2025, Brown filed what appeared to be a copy of a photographic image of the last page of a habeas corpus petition form, signed by him and dated April 1, 2025. (Doc. 5). It further indicated that Brown had

placed the petition in the prison mailing system on March 17, 2025. On April 4, 2025, the Court entered an order stating that the filing of the image was not adequate compliance with the Court's order of March 26, 2025. On April 10, 2025, the Clerk docketed another § 2254 habeas petition form, this one signed by Brown and dated April 1, 2025. (Doc. 7). It, too, represented that the petition had been placed in the prison mailing system on March 17, 2025. The Court deemed that filing adequate and, on April 15, 2025, the Court ordered the State to show cause why Brown is not entitled to habeas relief. (Doc. 8). The State filed its response on July 11, 2025, arguing that Brown's § 2254 habeas petition is time barred. Brown filed a reply on August 12, 2025. (Doc. 18).

On February 17, 2026, the Sixth DCA affirmed *per curiam* without written opinion the state trial court's denial of the Rule 3.800(a) motion. *Brown v. State*, 427 So. 3d 1204 (Fla. Dist. Ct. App. 2025) (table). The mandate issued on March 9, 2026. On April 16, 2026, Brown filed a motion in this Court asking for a stay of this federal habeas action and to "adopt" his claim asserting that the denial of relief on his Rule 3.800(a) motion amounts to a "miscarriage of justice" and violates his rights under the Sixth and Fourteenth Amendments. (Doc. 21). The State did not file a response.

## Discussion

Under 28 U.S.C. § 2254, a person in custody pursuant to the judgment of a state court is authorized to petition for a writ of habeas corpus challenging their confinement as violative of the United States Constitution. Such petitions are subject to a one-year statute of limitations, 28 U.S.C. § 2244(d)(1). Often, including in this case, the limitations period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).

The limitations period is subject to two kinds of tolling. The first is statutory tolling under 28 U.S.C. § 2244(d)(2), which provides, "The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward [the limitations period of § 2244(d)(1)]." The second is equitable tolling, which may apply when a habeas petitioner shows he has been pursuing his rights diligently and that some extraordinary circumstance prevented timely filing. *See Holland v. Florida*, 560 U.S. 631, 649 (2010).

Brown admits that his habeas petition is untimely absent equitable tolling. (*See* Doc. 18). That is clearly so. He pursued a direct appeal, and the Second DCA affirmed *per curiam* without opinion on February 8, 2019. Brown's criminal judgment thus became final 90 days later, on May 9, 2019,

upon the expiration of the period in which he might have filed a timely petition for certiorari in the Supreme Court of the United States. *See Bates v. Sec'y, Dep't of Corr.*, 964 F.3d 1326, 1329 (11th Cir. 2020). On May 11, 2020, the one-year federal limitations period expired, *see Downs v. McNeil*, 520 F.3d 1311, 1318 (11th Cir. 2008); Fed. R. Civ. P. 6(a)(1)(C), with nothing else having filed by Brown, in either federal or state court. Therefore, even assuming for the sake of argument that Brown's § 2254 petition is deemed filed on March 17, 2025, the day he suggests he first presented his unsigned petition to prison authorities for mailing, *see Houston v. Lack*, 487 U.S. 266, 271 (1986), it would still be untimely by well over four years.

Brown did file two motions in the state trial court seeking post-conviction relief, a Rule 3.850 motion on April 1, 2021, and a Rule 3.800(a) motion on January 3, 2025. Those kinds of motions can qualify for statutory tolling under § 2244(d)(2). *See Hall v. Sec'y, Dep't of Corr.*, 921 F.3d 983, 987 (11th Cir. 2019). However, both of Brown's motions were filed after the federal limitations period had expired, so even if otherwise "properly filed," they could not toll the limitations period, nor could they restart it running anew. *See Moore v. Crosby*, 321 F.3d 1377, 1381 (11th Cir. 2003). Therefore, neither motion had any effect on the limitations period.

Brown contends he is entitled to equitable tolling. In support, he cites the conduct of the attorney retained to represent him in connection with the

Rule 3.850 motion as having "contributed to" Brown's failure to file a timely § 2254 petition. (Doc. 18 at 1). Brown highlights that his family retained such counsel in early October 2019, more than seven months before the federal limitations period would expire. Brown complains, however, that his counsel did not file the Rule 3.850 motion until well after that, in April 2021, thereby allowing the federal limitations period to lapse in the meantime.

However, Eleventh Circuit has recognized "that attorney negligence, even gross or egregious negligence, does not by itself qualify as an 'extraordinary circumstance' for purposes of equitable tolling; either abandonment of the attorney-client relationship, or some other professional misconduct or some other extraordinary circumstance is required." *Cadet v. Fla. Dep't of Corr.*, 853 F.3d 1216, 1227 (11th Cir. 2017). The circumstances alleged by Brown suggest at most a "garden variety claim of excusable neglect" that does not warrant equitable tolling. *Holland*, 560 U.S. at 651–52; *see also Clemons v. Comm'r, Ala. Dep't of Corr.*, 967 F.3d 1231, 1242 (11th Cir. 2020) Therefore, Brown's § 2254 petition is barred by the statute of limitations and due to be dismissed.[1]

That leaves only Brown's motion asking for a stay and for the Court to "adopt" Brown's claim that the state courts' denial of relief on his Rule 3.800(a)

---

[1] The statute of limitations may be overcome by a convincing showing of actual innocence. *See McQuiggin v. Perkins*, 569 U.S. 383 (2013). Brown makes no such claim or showing.

motion was a "miscarriage of justice" and violated his Constitutional rights. (Doc. 18). That motion will be granted in part and denied in part, as further explained below.

First, Brown asks for a stay. A court's inherent powers generally include ordering a stay of proceedings, including in habeas cases. *See, e.g.*, *Rhines v. Weber*, 544 U.S. 269 (2005). However, the exercise of an "inherent power must be a reasonable response to a specific problem and the power cannot contradict any express rule or statute." *Dietz v. Bouldin*, 579 U.S. 40, 46–47 (2016). Brown's motion fails to allege facts supporting that a stay might be warranted, either before or after the Court's determination that his petition is untimely. Therefore, a stay is denied.

Brown's motion also requests that the Court "adopt" a claim related to the state courts' denial of relief on his Rule 3.800(a) motion. To the extent Brown is asking the Court simply to *consider* such a claim as being included in this habeas corpus action, the Court will do so. However, insofar as Brown is claiming he is entitled to federal habeas *relief* on that claim, his motion is denied. The claim underlying his Rule 3.800(a) motion, that his sentence amounts to "indefinite punishment" and violates the Florida Constitution and United States Constitution, is time barred, along with the rest of his habeas petition. And if Brown is complaining that the Sixth DCA's affirmance of the trial court's denial of the Rule 3.800(a) motion, since the filing of his § 2254

petition, gives rise to some independent constitutional violation, such is not grounds for federal habeas relief, even if such a claim were not time barred. *See Quince v. Crosby*, 360 F.3d 1259, 1262 (11th Cir. 2004) ("[A] petition alleging errors in the state post-conviction review process is not addressable through habeas corpus proceedings" (quoting *Franzen v. Brinkman*, 877 F.2d 26, 26 (9th Cir. 1989)).

**Denial of a Certificate of Appealability**

A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a certificate of appealability (COA). "A [COA] may issue…only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make such a showing, a petitioner must demonstrate that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)), or that "the issues presented were adequate to deserve encouragement to proceed further," *Miller–El v. Cockrell*, 537 U.S. 322, 335–36 (2003) (citations omitted). Brown has not made the requisite showing here and may not have a certificate of appealability on any ground.

Accordingly, it is now

**ORDERED:**

1. Petitioner Sheddrick J. Brown, Jr.'s habeas corpus petition (Doc. 7) is **DISMISSED** as barred by the statute of limitations, 28 U.S.C. § 2244(d)(1).
2. Brown's motion for a stay and to "adopt" a claim related to the denial of relief on his motion in state court under Fla. R. Crim. P. 3.800(a) (Doc. 18) is **GRANTED IN PART AND DENIED IN PART**. Specifically, it is **GRANTED** only to the extent it asks the Court to consider his habeas petition as including a claim related to the denial of his Rule 3.800(a) motion in state court; the motion is otherwise **DENIED**.
3. A certificate of appealability under 28 U.S.C. § 2253(c) is **DENIED**.
4. The Clerk is **DIRECTED** to terminate all pending motions and deadlines, enter judgment, and close this case.

**DONE** and **ORDERED** in Fort Myers, Florida on November 13, 2026.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

SA: FTMP-3
Copies: All Counsel and Parties of Record